IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- X

KEVIN CAMERON,

                              Plaintiff,

    -against-

                              Case No.

SERGEANT SHAHZEB AHMED, POLICE OFFICER. CHRISTOPHER BRADLEY, POLICE OFFICER JOSEPH J. CAMMARATO, and POLICE OFFICER JOSEPH VENTRE,

                              Defendants.

---------------------------------------------------------------------------- X

## SUMMONS IN CIVIL ACTION

To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorneys within twenty-one (21) days after service of this Summons, exclusive of the day of service, or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address appear below. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: White Plains, N.Y.
       October 30, 2025

                              Yours etc.,

                              LAW OFFICE OF MICHAEL H. JOSEPH PLLC

                              BY: _____
                              John V. Tait, Esq.
                              203 East Post Road
                              White Plains, NY 10601
                              914-574-8330

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- X

KEVIN CAMERON,

                  Plaintiff,

  -against-

SERGEANT SHAHZEB AHMED, POLICE OFFICER. CHRISTOPHER BRADLEY, POLICE OFFICER JOSEPH J. CAMMARATO, and POLICE OFFICER JOSEPH VENTRE,

                  Defendants.

----------------------------------------------------------------------- X

Case No.

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

    KEVIN CAMERON, by his undersigned attorneys, for his complaint against defendants alleges as follows:

JURISDICTION

1. This Court has original jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and supplemental jurisdiction under 28 U.S.C. § 1367.

2. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

JURY TRIAL DEMANDED

3. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

VENUE

4. Venue properly lies in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

FACTS

5. At all relevant times herein, Plaintiff Kevin Cameron, (hereinafter "Plaintiff") was and is a resident of the State of New York and County of Suffolk.

6. At all relevant times herein, Plaintiff was the owner of a private domicile located at 2704 Race Avenue, Medford, NY 11763.

7. Upon information and belief, at all relevant times herein, the New York City Police Department (hereinafter "NYPD") was a domestic limited liability company organized and existing under and by virtue of the laws of the State of New York, with its principal place of business in the county of New York.

*Defendants*

8. NYPD Sgt. Shahzeb Ahmed, shield number 1122, upon information and belief, is and at all relevant times herein was a resident of the State of New York.

9. NYPD Officer Christopher Bradley, shield number 10774, upon information and belief, is and at all relevant times herein was, a resident of the State of New York.

10. NYPD Officer Joseph J. Cammarato, shield number 13689, upon information and belief, is and at all relevant times herein was, a resident of the State of New York.

11. NYPD Officer Joseph Ventre, shield number 14583, upon information and belief, is and at all relevant times herein was, a resident of the State of New York.

12. On or about November 14, 2024, Shahzeb Ahmed was a duly sworn police sergeant employed by the NYPD and was acting in the course and scope of his employment and was acting under the color of law.

13. On or about November 14, 2024, Christopher Bradley was a duly sworn police officer employed by the NYPD and was acting in the course and scope of his employment and was acting under the color of law.

14. On or about November 14, 2024, Joseph J. Cammarato was a duly sworn police officer employed by the NYPD and was acting in the course and scope of his employment and was acting under the color of law.

15. On or about November 14, 2024, Joseph Ventre was a duly sworn police officer employed by the NYPD and was acting in the course and scope of his employment and was acting under the color of law.

*Incident*

16. On or about November 14, 2024, at approximately 5:50 a.m., Plaintiff was lawfully present at his home located at 2704 Race Avenue Medford, NY 11763.

17. On or about November 14, 2024, at approximately 5:50 a.m., the Defendants arrived at Plaintiff's property located at 2704 Race Avenue, Medford, NY 11763.

18. At 5:56 a.m., Officer Bradley and Officer Ventre walked through the Plaintiff's enclosed backyard and curtilage without a warrant, permission, or legal justification, banging on and peering into plaintiff's windows with flashlights.

19. At said time and place, Defendant Ventre communicated with Plaintiff through a glass door, and Plaintiff requested that Defendants leave his property.

20. Thereafter, Plaintiff opened his front door and came outside to speak with Defendants and again demand that they produce a warrant or leave his property immediately.

21. Defendants refused to produce a warrant, and Officer Ventre "promised" Plaintiff multiple times that he will personally make sure that Plaintiff loses his job tomorrow.

22. Plaintiff demanded that Defendants produce a warrant allowing them to enter and remain on his property despite his instructions for them to leave.

23. Defendants had no warrant, and Sergeant Ahmed falsely claimed that Defendants are authorized to be on Plaintiff's property.

24. Thereafter, Defendants went to reenter the fenced-in backyard and curtilage without permission or legal authorization.

*Arrest*

25. Plaintiff went to his fenced-in backyard and closed the gate, leaving Defendants outside his backyard.

26. Defendant Ventre, using the closed gate as a pretext for arresting Plaintiff, began swearing and opened the gate and chased Plaintiff screaming "You are fucking under arrest."

27. Defendants, thereafter, swarmed Plaintiff, threw him to the ground, and handcuffed and arrested him without cause or justification.

28. As a result of the physical arrest of Plaintiff, he suffered physical injuries to his right leg and ankle.

29. Based on false statements of Defendants, Plaintiff was charged with violations of PL 120.05 Assault in the Second Degree; PL 195.05 Obstruction of Governmental Administration in the Second Degree; and PL 120.00 Assault in the Third Degree.

30. Upon information and belief, Defendants called Plaintiff's employer, Nor Bay Service Station, and falsely informed the employer that Plaintiff violently attacked Defendants.

31. Plaintiff was terminated by Nor Bay Service Station, effective November 29, 2024, as a result of the phone call from Defendants.

**COUNT I:     VIOLATIONS OF 42 U.S.C. § 1983 BASED UPON DUE PROCESS VIOLATIONS OF FABRICATION OF EVIDENCE.**

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

33. On or about November 14, 2024, Ventre and Bradley fabricated evidence against the Plaintiff by creating police paperwork and statements, which was forwarded to Detective A.J. Parenti of the Suffolk County Police Department and the prosecutor, which falsely documented that Plaintiff intentionally interfere with Defendants by means of intimidation, physical force or interference, which was false.

34. On or about November 14, 2024, Ventre fabricated evidence by creating a statement in which he falsely claimed that "Kevin Cameron did intentionally slam the fence into my hand, causing immediate sharp pain and a throbbing sensation."

35. On or about November 14, 2024, Bradley fabricated evidence by creating a statement in which he falsely claimed that "Police Officer Ventre screamed in pain and stated the male hit him in the hand with the fence."

36. Ventre and Bradley forwarded the aforesaid statements with the falsified information to the Suffolk County Police Department and the prosecutor with knowledge of its falsity.

37. Ventre and Bradley took the aforesaid acts to falsely create evidence linking the Plaintiff to the charges of violations of PL 120.05 Assault in the Second Degree; PL 195.05 Obstruction of Governmental Administration in the Second Degree; and PL 120.00 Assault in the Third Degree, despite his innocence.

38. Upon information and belief, Ventre and Bradley initiated and continued the charges and prosecution against the Plaintiff by manufacturing false evidence, and by failing to make a full and complete disclosure of facts known by them to the prosecutor.

39. By failing to make a full and complete disclosure of facts known to them to the prosecutor, Defendants continued the prosecution against the Plaintiff.

40. After initiating the prosecution, Defendants continued the prosecution by failing to inform the prosecutor that Ventre and Bradley fabricated the aforesaid evidence.

41. The aforementioned false representation and fabricated statement, misconduct and failure to make a full and complete disclosure of the facts by Ventre and Bradley prevented the prosecutor from exercising independent judgment.

42. As a proximate result of the aforementioned Defendants' actions in fabricating evidence, Plaintiff was arraigned on the charges and subject to a prosecution for crimes which he did not commit, was held on bail, and was subject to monitoring by an electronic device and weekly monitoring by the probation department.

43. As a proximate result of the aforementioned defendant's actions in fabricating evidence, Plaintiff suffered great humiliation, ridicule, and mental anguish, depression, mental shock, mental trauma, emotional and mental suffering.

44. The aforementioned actions were done by Defendants to frame Plaintiff for crimes which he did not commit and to deny him the rights and privileges guaranteed by the U.S. Constitution and the Constitution of the State of New York.

45. Defendants continued criminal proceedings against plaintiff despite a lack of credible evidence against him, and notwithstanding their knowledge that said proceedings would jeopardize plaintiff's liberty, well-being, safety, and constitutional rights.

46. The charges against Plaintiff were or will be dismissed against the Plaintiff.

47. The aforementioned dismissal is a favorable termination of the charges against the Plaintiff.

48. Defendants' actions violated the Plaintiff's civil rights including but not limited to his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution including but not limited to the right to due process, the right not to be unreasonably seized, the right to a fair trial, right not to be prosecuted with the use of fabricated evidence, the right not have exculpatory evidence destroyed lost or withheld and/or perjurious testimony, the right not be prosecuted and imprisoned based upon fabricated evidence, the right of confrontation, and defendants further denied Plaintiff his due process, denied him a fair trial, unreasonably seized the Plaintiff and violated his civil and constitutional rights.

49. Defendants' actions violated clearly established rights.

50. Defendants' action shocks the conscience.

51. No reasonable officer in the position of the Defendants would have believed the actions of the Defendants herein were objectively reasonable.

52. Without a warrant, consent, or exigent circumstances, police cannot lawfully enter or remain on private property.

53. Once the occupant withdraws implied consent, law enforcement officers must leave unless they have a lawful basis to stay.

**COUNT II:   FALSE ARREST UNDER NEW YORK STATE LAW**

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length

55. On or about November 14, 2024, at approximately 6:00 a.m. Plaintiff was lawfully inside the fenced-in backyard and curtilage of his property.

56. At the aforesaid date, time, and place, Plaintiff had not committed any crime nor was there any reasonable suspicion to believe that Plaintiff had committed a crime.

57. At the aforementioned time, date, and place, Defendants intentionally and unlawfully seized, disabled, and constrained plaintiff.

58. At the aforementioned time, date, and place, there was no probable cause or reasonable suspicion to believe that Plaintiff committed any crimes.

59. Defendants arrested, confined, and caused Plaintiff to deprived of his freedom and liberty, all without a cause, excuse, or justification and without Plaintiff's consent.

60. Defendants' actions violated clearly established rights.

61. No reasonable officer in the position of Defendants would have believed their actions were objectively reasonable.

62. As a direct and proximate result of the foregoing acts committed by the Defendants, Plaintiff suffered severe emotional harm, great humiliation, ridicule, mental anguish, depression, mental shock, mental trauma, and pain and was caused to be deprived of his freedom.

63. The Defendants are jointly and severally liable for the harms caused to Plaintiff.

**COUNT III: FALSE ARREST UNDER 42 U.S.C. § 1983**

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

65. By making the aforesaid arrest of the Plaintiff, without probable cause, justification and privilege, Defendants' actions violated the Plaintiff's civil rights, including but not limited to his rights under the Fourth, Eighth, and Ninth Amendments of the United

States Constitution, including but not limited to, the right not to be unreasonably seized, as well as his right to personal liberty.

66. As a direct and proximate result of the foregoing acts committed by the Defendants, Plaintiff suffered severe emotional harm, great humiliation, ridicule, mental anguish, depression, mental shock, mental trauma, and pain and was caused to deprived of the rights and immunities guaranteed by the United States Constitution, as well as the constitution of the State of New York.

67. Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT IV: TRESPASS**

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

69. On or about November 14, 2024, unlawfully and repeatedly went inside the fenced-in backyard and curtilage of Plaintiff's property without his permission or consent, and without legal justification.

70. At the aforesaid date, time, and place, Defendants intentionally and knowingly entered Plaintiff's property without permission and consent.

80. On or about November 14, 2024, Plaintiff informed Defendants of his lack of consent to their presences on his Property, and inside the fenced-in backyard and curtilage of Plaintiff's property, both while Defendants were on his Property and curtilage, and before they reentered his Property and curtilage.

81. Defendants' actions constituted an unlawful entry and trespass upon Plaintiff's property, in violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures and in violation of New York law.

82. As a direct result of Defendants' unlawful actions, Plaintiff suffered emotional distress, humiliation, fear and other things.

**COUNT V:　　PRIMA FACIE TORT / DEFAMATION**

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

84. On or about November 14, 2024, Ahmed threaten Plaintiff that Defendants would take actions to ensure that Plaintiff would "lose his job" if he objected to the violations of his Civil Rights.

85. The statements were made by Defendants to deprive Plaintiff of the ability to exercise his lawful rights.

86. Defendants, thereafter, called Plaintiff's employer and falsely told his employer that Plaintiff was "violent" and attacked a Police Officer.

87. As a result thereof, Plaintiff sustained pecuniary and non-pecuniary damages in amount to be determined at trial.

88. Said Defendants acted with malice, reckless, and/or willful disregard of Plaintiff's rights and, as such, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

**COUNT VI: TORTIOUS INTERFEARANCE WITH CONTRACTUAL RELATIONS**

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

84. On or about November 14, 2024, Plaintiff had an employment relationship with his employer.

85. On or about November 14, 2024, Defendants knew of the employment relationship, and acknowledge his employer verbally to Plaintiff by reading the company logo on the tow truck in Plaintiff's driveway.

86. Defendants promised Plaintiff that Defendants would take actions to ensure that Plaintiff would "lose his job" if he objected to the violations of his Civil Rights.

87. Defendants, thereafter, called Plaintiff's employer and falsely told his employer that Plaintiff was "violent" and attacked a Police Officer.

88. Defendants were intentionally done to procure an Plaintiff's termination of his employment with Plaintiff's employer.

89. As a result thereof, Plaintiff's employment was terminated by his employer.

90. Defendants' actions were unjustified and not for a legitimate or legal justification.

91. Said Defendants acted with malice, reckless, and/or willful disregard of Plaintiff's rights and, as such, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

**COUNT VII: ASSAULT**

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

93. On or about November 14, 2024, Plaintiff was physically assaulted by defendants, and each of them, without his consent or legal justification.

94. As a result of the assault, plaintiff suffered physical and emotional injuries.

95. Said Defendants acted with malice, reckless, and/or willful disregard of Plaintiff's rights and, as such, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

**COUNT VIII:　ATTORNEYS FEES AND COSTS UNDER 42 U.S.C. § 1988**

96.　Plaintiff repeats and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

97.　The foregoing events constitute violations of plaintiff's statutory and constitutional rights, thereby entitling him to attorney's fees, costs and disbursements as permitted by 28 U.S.C. § 1988.

　　**WHEREFORE**, Plaintiff demands that judgement be entered for Plaintiff against Defendants in an amount to be determined by the trier of fact for compensatory and punitive damages, plus attorney's fees, interest, costs, and disbursements, along with whatever further relief the Court deems just and proper.

Dated: White Plains, New York
　　　　October 30, 2025

　　　　　　　　　　　　　　　　Yours etc.,

　　　　　　　　　　　　　　　　LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.

　　　　　　　　　　　　　　　　BY: _____
　　　　　　　　　　　　　　　　John V. Tait, Esq.
　　　　　　　　　　　　　　　　203 East Post Road
　　　　　　　　　　　　　　　　White Plains, New York 10601
　　　　　　　　　　　　　　　　(914) 574 8330

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- X

KEVIN CAMERON,

                        Plaintiff,

  -against-

                                                      Case No.

SERGEANT SHAHZEB AHMED, POLICE OFFICER.
CHRISTOPHER BRADLEY, POLICE OFFICER JOSEPH
J. CAMMARATO, and POLICE OFFICER JOSEPH
VENTRE,

                        Defendants.

-------------------------------------------------------------------------- X

## VERIFICATION

    I, John V. Tait, the undersigned, an attorney admitted to practice in the State of New York, state that I am associated with the LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C. attorneys of records for Plaintiff in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matter I believe them to be true. The reason this verification is made by me and not by Plaintiff is because the Plaintiff currently is not in the county in which my office is located.

    The grounds of my belief as to all matters not stated upon my own knowledge are the reports, records, memoranda in my file together with my own investigation.

                                                                     _____
                                                                     John V. Tait (JT – 4835)