

**STEVEN BANKS**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**ZOE RESZYTNIAK**
*Assistant Corporation Counsel*
phone: (212) 356-2547
fax: (212) 356-3509
zreszytn@law.nyc.gov

March 6, 2026

**BY ECF**

Honorable Lee G. Dunst
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

> Re: Kevin Cameron v. City of New York, et al.,
> 25-CV-06084 (LGD) (GAW)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department representing the interested party the Office of the Corporation Counsel ("Office") in the above-referenced matter. This Office writes jointly with Plaintiff's counsel to submit a status report pursuant to the Court's February 6, 2026 Order. (See February 6, 2026 Text Order).

By way of brief background, Plaintiff initiated this action on October 30, 2025, alleging violations to his civil rights following a purported Incident on or around November 14, 2024, against New York City Police Department ("NYPD") Sergeant Shahzeb Ahmed, NYPD Detective[1] Christopher Bradley, Officer Joseph Cammarato, and Detective[2] Ventre. On December 11, 2025, summons were filed onto the docket regarding the purported service on the four Defendants. (See ECF Nos. 7-10). On January 14, 2026, the undersigned appeared as counsel of record for this Office. (See ECF No. 12). Following an investigation regarding the purported service on the four Defendants and correspondence with liaisons at the NYPD, the undersigned was informed in mid-January that the waivers of service would be accepted and processed so that they could be forwarded to the four respective Defendants. On January 27, 2026, the Court ordered Plaintiff to submit a status report by February 5, 2026. (See January 27, 2026 Text Order).

---

[1] Upon information and belief, Defendant Bradley's current title is Detective, not Officer as listed in the Complaint and docket.

[2] Upon information and belief, Defendant Ventre's current title is Detective, not Officer as listed in the Complaint and docket.

Thereafter the parties conferred, and on February 5, 2026, Plaintiff filed a status report indicating that "defendants [we]re considering the plaintiff's Request to Waive Service of a Summons, and that a decision [w]ould be made shortly," and "further understand that the Corporation Counsel for the City of New York will determine whether it will provide defendants with counsel for this matter after service issues are resolved." (See ECF No. 15). On February 6, 2026, the Court directed the parties to file a status report on March 6, 2026. (See February 6, 2026 Text Order).

At this juncture, the aforementioned service issues have been resolved. (See ECF No. 15). Since the filing of the last status letter, the undersigned received executed waivers of service for all four individual Defendants, which were signed on January 21, 2026.[3] As such, their response to the Complaint is due sixty (60) days later, which in this case, falls on March 23, 2026.[4] Plaintiff's counsel agrees with this position.

In the interim, this Office remains in the process of conducting an investigation consistent with the obligations proscribed by Fed. R. Civ. P. 11 regarding the allegations made in the Complaint, and inquiring as to whether it will represent the four Individual Defendants consistent with the provisions of General Municipal Law § 50(k). See, e.g., Mercurio v. City of N.Y., et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of N.Y., et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

Accordingly, this Office will file a response to the Complaint on behalf of any Defendant it ultimately represents in this matter, if any, by March 23, 2026.

Thank you for your consideration herein.

Respectfully submitted,

/s/ *Zoe Reszytniak*
Zoe Reszytniak
Assistant Corporation Counsel

CC:    **VIA ECF**
       All Counsel of Record

---

[3] When the last status letter was filed, the undersigned was not yet aware that the waivers had been executed and has since received waivers from the four NYPD Defendants.

[4] Sixty (60) days from January 21, 2026, falls on Sunday, March 22, 2026, so that the deadline to file Defendants' response falls on the next business day, March 23, 2026.

2